Eno, J.
This is an action of tort for deceit in obtaining a loan upon a false written financial statement. The answer is a general denial and a suggestion of bankruptcy.
The evidence, as reported, shows that the defendant previously had been doing business with the plaintiff obtaining several prior loans, each being renewed without having been fully paid, and on each renewal an additional sum of money was paid to the defendant. When the loan in question in this case was made on October 15, 1947, there was a balance of $876 due the plaintiff on the previous loan, and the defendant received on that day $126.65 out of a new loan of $1095. The defendant made out in his own handwriting a Declaration of Indebtedness, introduced in evidence, on which he stated the following:
“To induce you to extend credit to me, and to show my ability to repay the same, I .hereby state the facts to be: (1) That I am not indebted to any person, firm or corporation except to — P. F. for $300., to F. N. of Medford for $680. (2) That I have not assigned my salary except to — No. (3) That I have no contingent *132 debts or liabilities except' to — No. (4) My salary per wk. is — $60.70. My income from other sources per .... is — (unanswered). (5) I hereby state, affirm, represent and warrant to you that my total indebtedness and liabilities on this date do not exceed $980.”
The defendant testified that he knew he owed debts incurred prior to October 15, 1947, to a number of creditors totaling over $5000. which he did not list on the above mentioned Declaration of Indebtedness. It also appeared in evidence that the defendant filed a voluntary petition in bankruptcy in the United States District Court for the District of Massachusetts on August 31, 1948, and listed the plaintiff as one of his creditors.
There was testimony by the assistant manager of the plaintiff who handled the transaction. He testified that the defendant came to his office and wanted additional money, over and above what the defendant actually owed then. In such a case he had to obtain the approval of the manager of the plaintiff company. At no time did the defendant discuss this loan with the manager. After obtaining the manager’s approval, the witness said he had the defendant execute the Declaration of Indebtedness, above mentioned, a mortgage and a promissory note, before any money was paid to the defendant.
The following questions were put to plaintiff’s witness, the assistant manager who handled the loan; and all of them were excluded by the Court: (1) “Would you have made the loan of October 15, 1947 if you knew about the Defendant’s debts which were incurred previous to October 15, 1947 and as listed in his bankruptcy schedules?” The plaintiff offered to prove that the witness would have answered in the negative. (2) “Did you rely upon the financial statement of October 15, 1947 when you made the new loan on that date?” The plaintiff offered to prove that the witness would have answered in the affirmative. (3) “If after *133 talking with Mr. Applegate, the manager, and obtaining his approval on the loan of October 15, 1947 the financial statement which was subsequently made out showed the different debts and accounts as scheduled by the Defendant in bankruptcy, would you have made the loan?” The plaintiff offered to prove that the witness would have answered in the negative.
At the close of the trial the plaintiff filed the following requests for rulings which the court denied.
“ (1) Upon all the law the Plaintiff is entitled to recover. (2) Upon all the evidence the Plaintiff is entitled to recover, setting forth upon what facts this contention is based, b. That this financial statement was made knowingly and with intent to deceive the Plaintiff. c. That the Plaintiff relied upon this financial statement and extended credit thereon, d. That the Plaintiff suffered damages thereby. (5) The evidence warrants a finding that the Plaintiff did not know that the financial statement was false. (6) The evidence warrants a finding that the Plaintiff loaned the money, advanced by them relying upon the financial statement made by the Defendant. (8) The evidence warrants a finding that the Plaintiff did not file a proof of claim in the Defendant’s bankruptcy. (11) That as a matter of law, there is a presumption that the Defendant intended to bring about the material and probable consequences of his acts. (13) That as a matter of law, the Defendant is chargeable with knowledge of his indebtedness and failure to make a true statement, constitutes such a reckless indifference to the facts as will prevent a finding that he had no knowledge that the statement was false. (14) That as a matter of law, the Plaintiff’s claim, whether based on a contractual obligation or an action for deceit, is not dischargeable by the debtor’s filing of a Petition in Bankruptcy, nor his subsequent discharge thereunder.”
The court however allowed its request numbered (2a). The Defendant executed and delivered to the Plaintiff a false statement of his financial condition.
*134 The Court found the following facts: “I find as a fact that the Plaintiff was in the loan business and was duly incorporated and licensed under the law of the Commonwealth of Massachusetts. I further find as a fact that the Plaintiff had made a number of loans to the Defendant prior to October 15, 1947 at which time the Defendant executed the note in question and also a Declaration of Indebtedness or Financial Statement. I further find as a fact that the Defendant had owed the Plaintiff approximately $876. on prior notes at the time of executing the note and Declaration of Indebtedness on October 15, 1947 and that on this date the Defendant actually received $126.65 in cash and the balance of the note qf $1095. represented the previous notes due and the interest on said loans. I further find as a fact that on October 15, 1947 the Defendant and his wife executed a chattel mortgage on their household furniture as security on this loan and said mortgage was duly recorded by the Plaintiff on October 16, 1947. I further find as a fact that on October 15, 1947 the Manager of the Plaintiff’s corporation had approved the Defendant’s loan with the Assistant Manager prior to the said note and Declaration of Indebtedness being executed by the Defendant at the request of the Assistant Manager. I further find as a fact that the Defendant was duly adjudicated a bankrupt by the United States District Court at Boston on August 31, 1948 and the plaintiff was listed as one of his creditors in the Bankrupt Schedules.
“I find from all the evidence that the Plaintiff, its agents or servants granted this loan to the Defendant prior to the executing of this note and Declaration of Indebtedness. I further find that the actual additional cash loan made on October 15, 1947 by the Plaintiff was in the amount of $126.65 for which the Plaintiff took other security in the form of the chattel mortgage and, therefore, the Plaintiff did not rely on the Declaration of Indebtedness executed *135 by the Defendant on October 15, 1947 for this loan and, therefore, the Plaintiff was not damaged. I find for the Defendant.”
We are of opinion that there was prejudicial error in this case and that there should be a new trial because of the exclusion of the evidence offered by the plaintiff. We cannot see how the trial judge could find that “the Plaintiff did not rely on the Declaration of Indebtedness executed by the Defendant on October 15, 1947, for this loan, ’ ’ when he excluded the very evidence which would tend to prove the contrary. He was not obliged to believe the witness, but he should have allowed the evidence.
Since there must be a new trial we think it unnecessary to pass on the plaintiff’s denied requests. Further we believe the law is well stated in an opinion written by the late Presiding Justice of this Division in the case of Charles H. Watts, et als.; as they are trustees of Industrial Bankers d/b/a Personal Finance Company v. John J. Ward, 7 Appellate Division Reports No. 5, page 303. See also Public Loan Corporation v. Leslie P. Magoon, 7 A. D. R. No. 2, page 99.
The finding for the defendant is to be vacated; case to stand for a new trial.